413 P.2d 596

**ASPHALT PRODUCTS, INC., a corporation, Plaintiff and Respondent,**

v.

**PAULOS AUTO CO., Paulos Bros. Investment Co., a partnership, E. G. Paulos and Pete G. Paulos, partners, Defendants and Appellants.**

No. 10432.

Supreme Court of Utah.

April 27, 1966.

Ray, Quinney & Nebeker, John A. Dahlstrom, Salt Lake City, for appellants.

Barker & Ryberg, Salt Lake City, for respondent.

WADE, Justice.

Paulos Auto Co., Paulos Bros. Investment Co. and E. G. Paulos and Pete G. Paulos, partners, defendants below, appeal from a summary judgment in favor of Asphalt Products Inc., plaintiff below and respondent herein, in an action commenced by respondent to recover for goods and materials furnished for paving a parking lot and truck storage lot in Magna, Utah.

From the record it appears that Ernest G. Paulos hired the Sessions Paving & Gravel Co. to pave certain lots owned by himself and others and agreed to pay $2040 for such job. Upon completion of the job Sessions Paving & Gravel Co. was paid the full contract price by Ernest G. Paulos, but it is alleged it failed to pay respondent for the materials furnished; whereupon this action was commenced to collect from appellants the amount alleged to be due for such materials under the provisions of Secs. 14–2–1 and 14–2–2, U.C.A.1953, which provide that the owner of any interest in land upon which any improvement shall be made by construction or repair in which the contract price is $500 or more shall provide a bond for the protection of mechanics and materialmen furnishing such services or materials. Appellants had not provided such a bond.

It is appellants' contention that if from the pleadings, depositions, affidavits and reasonable inferences therefrom, when viewed in a light most favorable to them, it is apparent that there are genuine issues of material facts which should be determined by a trial, the moving party is not entitled to a judgment as a matter of law and summary judgment should not have been granted.[1] We agree.

1. In re Williams' Estates, 10 Utah 2d 83, 348 P.2d 683; Bullock v. Deseret Dodge Truck Center, Inc., 11 Utah 2d 1, 354 P. 2d 559; Rule 56(c) U.R.C.P.

Under the provisions of Secs. 14-2-1 and 14-2-2 in order for respondent to be entitled to a summary judgment it must clearly appear (1) that appellants were the owners of an interest in land upon which an addition, alteration, repair or improvement had been made; (2) that they had entered into a contract for such work which contract was for an amount of $500 or more; (3) that they had failed to obtain a bond from the contractor equal to the contract price conditioned for the prompt payment for materials or labor furnished under such contract; (4) that respondent furnished materials which were used under the contract; (5) what the reasonable value of the materials furnished was, not exceeding the prices agreed upon; (6) that such materials had not been paid for. From the pleadings, affidavits, depositions and the reasonable inferences to be deduced therefrom it appears that appellants entered into a contract for the improvement of lands, in part of which they owned the fee simple and in the remainder in which they had a right by agreement with the other fee simple owners to use jointly. The contract price exceeded $500 and respondent furnished materials which were used by the contractor in the paving of the parking and storage lot. Appellants admitted that they had not obtained the required bond. However, it is not clear from the evidence presented at the time the summary judgment was granted whether the agreed purchase price between contractor and respondent represented the reasonable value of the materials furnished and it is also not clear what amount, if any, was owed by the contractor to respondent for the materials used in paving appellants' lots. From the contractor's deposition it appears that he was indebted to respondent for a large sum of money on an open account extending for a period of at least two years before he purchased the materials used in appellants' job; that after he completed this job he entered into an arrangement with respondent to pay on his account by furnishing respondent sand at an agreed upon purchase price and had delivered enough sand to be credited with $2500, which was a little over approximately one-fourth of the amount he owed. The contractor did not know whether any of this amount had been credited to the purchases made by him for appellants' job. The contractor did not know if anything had been collected from other customers of his by respondent, although he knew some had been sued by respondent, and if such collections had been made, he did not know how respondent had applied the credits to his account and whether any had been applied as a credit for the materials used in appellants' job. The evidence on this point is vague and inconclusive and reasonable minds might arrive at different conclusions as to what amount, if any,

had not been paid for the materials used in appellants' job by the contractor. This is a material issue of fact on which appellants' should have an opportunity to present evidence whether the credits received by the contractor were or should have been applied to their account, and if so, how much. There being a genuine issue of a material controverted fact, the court should not have granted the summary judgment.

Reversed. Costs to appellants.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.